**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| FIRST-CLASS MONITORING, LLC | |
| Plaintiff, | Civil Action No. 6:17-cv-620 |
| v. | JURY TRIAL DEMANDED |
| BRANCH BANKING AND TRUST COMPANY | |
| Defendant. | |

**DEFENDANT BRANCH BANKING AND TRUST COMPANY'S ANSWER AND
DEFENSES TO PLAINTIFF FIRST-CLASS MONITORING, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Branch Banking and Trust Company ("BB&T"), on behalf of itself and all of its corporate entities, through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint for Patent Infringement ("Complaint") of Plaintiff First-Class Monitoring, LLC ("First-Class Monitoring"), states as follows:

**THE PARTIES**

1.      BB&T lacks sufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.      BB&T admits that it is a North Carolina company and that it has a branch and ATM location at 6360 W. Plano Parkway, Plano, Texas 75093. BB&T denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Admitted.

4.      BB&T denies the allegations in Paragraph 4 of the Complaint.

5.      BB&T denies the allegations in Paragraph 5 of the Complaint.

6.      BB&T admits that it has a branch and ATM location at 6360 W. Plano Parkway, Plano, Texas 75093 and admits that it has text banking products and services Plaintiff accuses of infringement. BB&T lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

7.      BB&T admits that this is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, but denies any liability.

8.      BB&T admits that, if First-Class Monitoring has standing to assert infringement of U.S. Patent No. 6,014,089 (the "'089 patent"), that this Court has subject matter jurisdiction over First-Class Monitoring's patent infringement claims under 18 U.S.C. §§ 1331 and 1338(a).  If First-Class Monitoring does not have standing to assert infringement of the '089 patent, then BB&T denies that this this Court has subject matter jurisdiction over First-Class Monitoring's patent infringement claims under 18 U.S.C. §§ 1331 and 1338(a).

9.      BB&T admits that it conducts business in this District and that it derives revenue from goods and services provided to individuals in this District.   BB&T denies the remaining allegations in Paragraph 9 of the Complaint and denies that it has used or promoted the use of products and systems that practice the subject matter claimed in the patent involved in this action.

10.      BB&T denies the allegations in Paragraph 10 of the Complaint.

## THE PATENT-IN-SUIT

11.      BB&T admits that the '089 patent appears on its face to be entitled "Method for Transmitting Data Using a Digital Control Channel of a Wireless Network." BB&T

denies that the '089 patent was duly and legally issued and that it is valid and enforceable. BB&T lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 of the Complaint and therefore denies them.

12.     BB&T lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     BB&T lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies them.

## COUNT I

14.     BB&T refers to and incorporates herein the responses and objections of the foregoing paragraphs.

15.     BB&T denies that it has infringed or is now infringing any claim of the '089 patent.  BB&T denies the allegations in Paragraph 15 of the Complaint.

16.     BB&T denies the allegations in Paragraph 16 of the Complaint.

17.     BB&T denies the allegations in Paragraph 17 of the Complaint.

## JURY DEMAND

18.     The un-numbered paragraph of the Complaint containing First-Class Monitoring's Jury Demand does not require a responsive pleading.

## PRAYER FOR RELIEF

19.     To the extent the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, BB&T denies all allegations that First-Class Monitoring is entitled to any relief requested, or otherwise.

20.     Except as explicitly admitted herein, BB&T denies each allegation contained in the Complaint.

## DEFENSES

BB&T asserts the following additional defenses to the Complaint.  In doing so,

BB&T does not assume any burden of proof on any issue that is First-Class Monitoring's burden as a matter of law.  BB&T also reserves the right to amend or supplement these defenses as additional facts become known.

      1.      **Failure to State a Claim Upon Which Relief Can be Granted.**  The Complaint fails to state a claim upon which relief can be granted and/or fails to plead the allegations with sufficient particularity.

      2.      **Non-Infringement.**  BB&T does not and has not infringed, either directly or indirectly, literally or under the Doctrine of Equivalents, any valid claim of the '089 patent.

      3.      **Invalidity.**  One or more claims of the '089 patent are invalid because one or more claims fail to meet the conditions for patentability of 35 U.S.C. §§ 101, 102, 103, and/or 112 because the alleged inventions claimed therein lack utility or are directed at abstract ideas or other non-statutory subject matter; are anticipated by one or more prior art references; would have been obvious to one having ordinary skill in the art in view of the combination of one or more prior art references at the time of the alleged invention; and/or are not adequately supported by the written description of the patented invention.

      4.      **Acquiescence, Equitable Estoppel, Laches, Waiver, and/or Unclean Hands.**  First-Class Monitoring's claims are barred, in whole or in part, by the doctrines of acquiescence, equitable estoppel, laches, waiver, and/or unclean hands.

      5.      **Prosecution History Estoppel.**  First-Class Monitoring's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

      6.      **Limitation on Damages.**  First-Class Monitoring's claim for damages against BB&T are barred, in whole or in part, by 35 U.S.C. §§ 286 and 287 and its recovery of costs is limited under 35 U.S.C. § 288.

      7.      **No Exceptional Case.**  First-Class Monitoring cannot prove that this is an

exceptional case justifying an award of attorneys' fees against BB&T under 35 U.S.C. § 285.

8.     **Patent License/Exhaustion.**    To the extent that any of First-Class Monitoring's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatus, and/or products that were manufactured by or for a licensee of First-Class Monitoring or its predecessors-in-interest and/or provided to BB&T by or through a licensee of First-Class Monitoring or its predecessors-in-interest, or under a covenant not to sue, such allegations are barred pursuant to license and/or exhaustion.

9.     **Reservation of Rights.**  BB&T reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

**REQUESTED RELIEF**

10.     BB&T respectfully requests entry of judgment against First-Class Monitoring:

a)     In favor of BB&T, thereby dismissing First-Class Monitoring's Complaint in its entirety, with prejudice, with First-Class Monitoring taking nothing by way of its claims;

b)     That BB&T has not infringed and is not now infringing any valid claim of the '089 patent, either literally or under the doctrine of equivalents, under any subsection of 35 U.S.C. § 271;

c)     That all asserted claims of the '089 patent are invalid and/or unenforceable;

d)     That this is an exceptional case pursuant to 35 U.S.C. § 285 and ordering First-Class Monitoring to pay BB&T's reasonable

attorneys' fees incurred in this action;

e)      That First-Class Monitoring pays all costs incurred by BB&T in this

action; and

f)      awarding BB&T all other relief the Court deems just and proper.


January 4, 2018                                Respectfully submitted,


                                               By: */s/ Michael J. Turton*_____
                                               Michael J. Turton
                                               Lead Attorney
                                               Texas Bar No. 00794761
                                               mturton@kilpatricktownsend.com
                                               KILPATRICK TOWNSEND &
                                               STOCKTON LLP
                                               1100 Peachtree St NE
                                               Suite 2800
                                               Atlanta GA  30309-4530
                                               Telephone:  404-815-6214
                                               Facsimile:   404-815-6555

                                               COUNSEL FOR DEFENDANT BRANCH
                                               BANKING AND TRUST COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on January 4, 2018, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Michael J. Turton*
Michael J. Turton